May it please the court. My name is David Bovet. I am the attorney for the appellant in this matter, Robert Norse We're before the court on a very simple set of facts with very very serious possible consequences to our liberties as as citizens as Americans and Basically what this case involves is how far can a city go? to regulate a public meeting Which is statutorily open to the public for citizens to communicate and interact with their elected public officials Are you making a facial challenge or an as-applied challenge? We're making both I was going to discuss first the as-applied challenge. I mean the facial challenge the rules are so loosely written and Encompasses sweeping Prescription of speech That it is stunning That any city would adopt these kinds of rules They absolutely prohibit referring to Any council member by name? They read they do not allow criticism of Any council or any any member of the council in violation of state law under the government code Well, how do you get around white versus City of Norwalk? Isn't that hasn't that already been decided in this circuit? Well the white case Certainly involved an ordinance as opposed to rules of decorum which from which it is obvious that the city of Santa Cruz lifted some language some phraseology, but the Structure the language structure of the of the rules of decorum is quite different from the language structure of the ordinance in white in white the court interpreted the slanderous Impertinent language to Have to be disruptive to have to be disruptive in order for there to be an expulsion from the meeting Did you say this court interpreted yes that way or is it the city that interpreted Oh the this court adopted the city's interpretation They would acknowledge the ambiguity of the of the ordinance and said since the city has said That we're not going to try to enforce this ordinance unless there's actual disruption. We're going to adopt that interpretation Oh, did the city say the same thing here? No, it didn't it did not What do you make of the language in the in the city's brief where they say Virtually the same thing on page four the rules require a disturbance Isn't that the city's Interpretation of the ordinance that some disruption is required Well You they refer to white okay. Yeah, it says that the city's rules rules allow for a similar interpretation I don't agree with that I don't think they do but assuming that that's an admission that that's how they're going to act in the future It doesn't say they are it just says that it allows for that interpretation. This is not a blanket statement we do not intend to enforce these rules unless there's actual different in quality than the You know the city's position in Norwalk It is In Norwalk this the city said we are going to interpret the rules to require disruption The city of Santa Cruz has never said that in fact My recollection is that during oral argument on the motion to dismiss? They declined to take that position. They were point-blank asked by the district court judge if they required disruption And they skirted the issue and then in a footnote to the district court's opinion The court says this would be a much Easier case if the city would just adopt such a construction But for the reasons that I stated in our opening brief There there's no way that this or that these rules can be read to require disruption because there's reference to expulsion in the first Paragraph of the rules and there's a reference to expulsion in the third paragraph of the rules and the third paragraph is where you have that language other otherwise Disrupts which in you know infers that the that the words coming before it implies that the words coming before it Will have to be disruptive as well But the structure of it is so totally different and the other really distinguishing fact about  And so once someone says something it's too late they're already expelled from the meeting And it's not fair not to give a warning Particularly in a case like this where it's not so obvious that what's being done here Is disruptive in fact it was not disruptive that was the the fact of it. What was the disruptive was the mayor's reaction? to To the to the actions that were taken by mr. Norris, and then that's where the disruption began Let me ask you this this technically this procedurally I find this case a little confusing so help me out This is technically a motion to dismiss, but there are a lot of materials here beyond what is normally regarded as pleading So there you know what the rules are we know we had I guess we have agendas. We have a lot What would are there disputes of fact? Here or What would you have there's a couple of disputes of fact first of all cereal would you identify what they are Well, I'm not sure that I would call the material. They could be depending on what legal framework is adopted The one dispute that's a significant is whether or not the silent Nazi salute was made during the public comment period or after the public comment period And that's based on that Topeka, Kansas case. I believe where the court makes a bright line distinction between Public comment as being an open public forum the rest of the meeting not having that characteristic. That's another circuit I'm not sure that that that distinction makes a lot of difference, but our complaint alleges that the that the Motion was made during public comment, and I think that for purposes of 12b6 the courts bound by that that allegation And it's the defendants argue otherwise, but I think that's a question that should be Dealt with in discovery and motions for summary judgment or whatever So we would ask that the court to adopt our interpretation of that with respect to other incidents. There were a number of Documents which the defendants asked the court to take judicial notice of which involved prior incidents We're not sure why those were put into evidence the district court didn't deal with that But they do tend to prove and do tend to show that there was some animus against mr. Norris and that possibly had someone else than the same precise same precise same activity that they would not have been ejected from the meeting you take those into account because That cuts both ways they do Yeah, they do and I I don't know what you can do with them. Let's assume that he's a gadfly. They didn't like him this was the only incident that occurred at this meeting and I don't think he comes in there with two strikes and this is the third strike Well Everything you said just you know Any possible factual dispute pertains only to the has applied challenge doesn't apply to the facial. No, it doesn't apply to the facial challenge and You know We think it's just obvious from this case that there was no disruption at all as required by in Ray K and just very briefly unqualified immunity in Ray K is a 30 some odd year old case There are statutes that govern the right of citizens to attend public meetings There's a statute which governs their right to speak and criticize the council Those were both violated and we believe that the First Amendment law in general and some of the analogies made in our brief For example Tinker versus Des Moines School District. We think is particularly apt here Except they were there their vans all day. This was a one-second incident. I'd like to reserve the rest of my time Thank you Good morning, your honors George Kovacs of itch for the city of Santa Cruz Today I want to address a couple points and then of course answer any questions you have but At least that's what I started out with but I now I want to deal with a couple points also that mr Bouvier raised first of all with respect to the issues of fact I do think you the lower court could take judicial notice of the minutes as we Submitted by declaration and also by points and authorities in the court below And I Didn't bring those with me and I apologize at that point, but it's part of the record and I think it's substantiated by Ninth Circuit cases in terms of what's a judicially noticed secondly look at the complaint itself, which is in Appellants excerpt Paragraph 9 reads on March 12th plaintiff attended a public meeting in Santa Cruz City Council during oral Communications a period when members of the public are allowed to address the council a woman stood at the podium began to speak defendant Crone Who's the mayor told her that public comment was over? And that she would not be permitted to meet to speak. So I think the facts has alleged in the complaint Established the public comment was over. I mean the only person that can dictate that is the mayor And so we have to take that at its face value To the extent that it's over With respect to the position of the city in this particular case, I don't know why The judge below Said that in his opinion With respect to if the city something effective city would take a position because this is what transpired in the moving papers below in the city's reply I Stated contrary to plaintiff's assertion at page 7 of plaintiff's memorandum. That was their opposition brief in which they stated Quote the defendants in this case have not urged the court to limit the reach of these rules to speech that causes Disruption and the allegations in plaintiff's complaint revealed the defendants have not enforced the rules with that idea in mind close quote I responded in my reply brief Defendants quote as did the city in this in the city of Norwalk case Pro-offered this court a construction of the rules to which they are readily susceptible and in accordance with city of Norwalk And then I indicate I went on to discuss how the language of disruption operates within the context of What did you offer I Offered the fact that the word destruction at the end. Well, read me what you offered You say we offered so-and-so and then you stop. What did you offer? I I'm sorry, your honor. I didn't bring that brief with me. Well, then how are we supposed to know what you offered? Well, basically what I offered is is that it caused it requires an actual destruction Disruption just like the city of Norwalk case Interpreted and the city conceded there that you had to have an actual disorder. So You're saying now the city's position as you explicated in the district court is that The ordinance requires Actual disruption of the meeting in order for there to be a violation. Is that is that your position? Yes. All right now Then with respect to the as-applied challenge, do you agree? There's a question of fact it's whether there was an actual disruption. I don't know What was the disruption the disruption was first of all speaking when he didn't have a right to say I understand he was silent Pardon, I understand. He was silent. He didn't say a word. Well, I didn't even stand up. I thought it was just a salute Yeah, I understand your honor, but what's the disruption I took that as speech if that's not speech Well, what's the disruption? How did how did that let's assume it speaks? How did that disrupt the meeting? I understand the marriage didn't even notice it. I'm sorry. I understand the mayor did not even notice it Well, I understand but I guess it's a question of what we've described as disruption if it's contrary to the rules Do do we just not do anything about it contrary? You just said it's contrary only if there's a disruption and my question I mean, I mean you're talking in circles What is the disruption? Well what I'm trying to say and if I could take take us through this If if somebody did something in the back of this courtroom silently but with gestures and and and That he wasn't supposed to be speaking at that time in any fashion Then I see that as a disruption Because the point is these rules are inherently such that if you don't go by the procedure It's a disruption Well, maybe what you're really arguing is that the mere invocation of the Nazi salute in a public meeting like this equals disruption Equals because of the forum that we're in even if this were in the public comment period or does it or does it have to? outside well, that's an interesting question and I suggest that it has to be it could be either and the reason is again, and I point out to the The Supreme Court case which this court cited in in a kind that Control over access to a non-public forum can be based on subject matter and speaker identity So long as the distinctions draw are reasonable in light of the purpose served by the forum this the purpose of Public comment is is not to trash a fellow person in the audience It's not to trash not to criticize the action of the council or the mayor. It's not to express disagreement I don't I don't understand it. Well, I Suggest it isn't but I don't think we need to go there and I don't want to take the court on or have the court Take me on on that issue Because the reason I say I don't think we need to go there is because he wasn't even speaking Rightfully at that time if he was in public comment at the podium recognized And said I think you guys run a place like this Then we would have a different issue And I suggest to you and you probably have intimated to me that I would have an argument harder position to argue with you But that's not we're at where we're at He wasn't there So he's he's completely outside the rules at that point and when you're outside the rules you're disruptive It's the nature of the beast Otherwise, why have the rules? What purpose do the rules serve? If you can act contrary to the rules remind me again, what what happened with the lady who got up to speak? He told her that public Or a public comment was closed oral communications were closed and if she didn't leave she would be Escorted out and she left and that's the proper way to act. I Think we're not I think here we're not talking so much about you know What purpose does the rule serve it? The question is is it in conformance with the First Amendment and in city of Norwalk The city's position there was that the ordinance does not permit Removal or punishment of a person who merely utters Quote a personal impertinent slanderous or profane remark and that's all that happened here a person uttered But you know some would consider a profane or slanderous remark well, but And in city of Norwalk the city conceded that alone is not sufficient to violate the ordinance But and I'm not making that concession here, I don't think that was in the context of where the meeting was That makes a difference I think it does Because it changes the equation of what's the disruption? Well, I'm still trying to find out. What was the disruption? And you're saying the mere utterance of the speech, you know, the fleeting Two-second speech was itself disruptive. I'm saying first of all, you have no right to speak at that point Well, of course, he wasn't I mean that's a given but the question is was that speech disruptive? And you haven't given me to me a satisfactory answer well, I guess because the Maybe we disagreed. I hope not in terms of what constitutes the disruption. My point isn't one of the other Justice indicated that if you just if you if you Make that that in this case that sign at a time that you're not Allowed to do so then it's disruptive. I Mean, it's just like a child. Yeah, I mean you see here again You're just equating disruption with the violation of the of the non-speaking rule To you it's a per se disruption. Well, that's why I cited and I took the analogy from the Straughan's case that talked about the purpose of these rules have an inherent Orderliness to them and if you don't comply with the rules, it's not orderly. I Equate not orderly with disruption now. It's not in the sense. I know your honor. It's easy It's not it's not as easy to see because we don't have someone who is absolutely Berserk and and creating complete havoc. I Understand that but I'm asking you to go down to the next level of looking at the importance of these rules The importance of these rules are to keep it orderly and structured And if you do those kinds of things it distorts the rules and that's the disruption Well, there's a balance in here. Okay, and also lastly I would like to indicate in terms of Absolute immunity. I would like the court to to maybe bite the bullet on that and take that issue on Hansen indicated it's not a I mean a closed issue. It's still an open issue and I of course cited Collison versus got and judge Wilkinson's I think rather insightful analysis that whether it's a public session Oral communication or not, it's all part of the public meeting which is Equivalent with the legislative policy make are you talking about legislative immunity or a quality for the officer? Absolutely for legislature some cases limit that to like legislative debate, right? But I understand you're raising the issue. Okay. Thank you. Thank you. You have more than used your time Just Very briefly as it must be with one minute 15 seconds left Okay, that's fine, I don't think I have even that much to say at this point except to point out that We think there'd been it would have been a different result at the City Council meeting Had mr. Norris come in with a sign saying re-elect mayor crown And it's because of the content of his message that That he was sanctioned by the by the mayor I would also ask that the court look very carefully at the structure of these. What is the basis for your assertion? What does the court look to to test the validity of that assertion? well, I think you could look to the rules which basically prohibit criticism of Members of the council, but don't prohibit at the same time adulation of members of the council. So Well, if the rule is to be enforced According to its terms presumably it would make no difference if the sign said re-elect versus out with the mayor Shouldn't make any difference, but the rules are tailored in a way that prohibits criticism without at the same time prohibiting for Communication that would be laudatory of the council members Find that to be an interesting. Do you rely on language in the in the ordinance? I I can understand the suspicion that might Pervade here, but we have to look at the language of the ordinance itself. Oh, right, right Yeah, I believe and I don't have them right at the the the rules right in front of me I thought they were attached to my brief, but I didn't see them in my copy. But I think there was some language in there about Defamatory Defamatory or slanderous statements toward council members are prohibited So you can't slander but you certainly could say things that may be Untrue that might improve their reputations because they're prohibited doesn't mean they're necessarily disruptive. But what's your response to? to your opponents Assertion Assertion about what was in his reply brief before the district court says with respect to you know, the ordinance including the element of disruption As I recall the district court During oral argument. He did not commit the city to interpreting the rules in the fashion that the Santa Monica did But the other part of that, of course is our argument that you can't interpret in that way They're not subject to that. They're not ambiguous They do not require disruption. I understand it though. Their argument is that this was a disruption So I'm not sure that you've been hurt by something that Is broader than the disruption, but let me let me let me can I ask you another question that You know that the city said that They'll that this was clearly during after the public comment period because the Someone had told the woman who got up before the mayor the mayor That it was beyond but as I understand he says that's undisputed, but as I understand your complaint You allege that the woman stood at the podium When during the period that people are allowed to speak and that when She was told that the comment period was over She protested that it wasn't over and your client then at that point did the salute So it would appear from that that there is a dispute as to whether or not the comment period was was over or not We agree that there's a dispute about that. I know you don't agree that it's material because you have this facial challenge There was a question and this is not I don't think really developed by the record but there is a question as to whether the mayor cut short a Speech that you should not have cut short because certain amount of time is allocated and the mayor may have cut short before the time Was over. Yeah, I think it needs to be dealt with in discovery Okay Thanks The case just argued is submitted for decision
judges: Schroeder, O Scannlain, Tashima